**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

In Re: Yvonne I. Yollin                           :
           Debtor                              : Case No. 16-10684-jkf
                                               : Chapter 13
                                               :

## DEBTOR'S THIRD AMENDED CHAPTER 13 PLAN

*YOUR RIGHTS WILL BE AFFECTED*

    If you oppose any provision of this plan you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan

    The debtor will seek a discharge of debts pursuant to Section 1328(a).

    1.    **PLAN FUNDING AND LENGTH OF PLAN**

    The Debtor's initial plan provided for payments to the Trustee of 10.00 per month for the first 4 months and $115.00 per month for the remaining 56 months of the 60 month plan for a total of $6,480.00. The Debtor made 12 payments under her initial plan. Under the Debtor's first amended plan, payments increased to **$132.00** for the 48 remaining months of the plan, beginning with the 13th payment, with these 48 payments to total **$6,336.00**. Those payments were unchanged under the Debtor's second amended plan and remain unchanged under the Debtor's third amended plan. The Debtor's payments to the Trustee will therefore total **$7,296** over the 60 months that began with the date of the filing of the petition.

    2.    **SECURED CLAIMS**

A.    **Adequate Protection Payments under Section 1326**

    Adequate protection payments in the following amounts will be paid by the debtor to the trustee. The trustee will disburse pre-confirmation adequate protection payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the debtor.

| Name of Creditor | Description of Collateral | Amount of Claim |
|---|---|---|
| **N/A** | | |

**B.    Mortgage and Other Direct Payments by Debtor**

Payments will be made outside the plan according to the original contract terms, with no modification of contract terms and with liens retained.

| Name of Creditor | Description of Collateral | Amount of Claim |
|---|---|---|
| **PHFA (1st Mortgage)** | 1916 E. Pacific Street, Philadelphia, PA | **Monthly loan payment as determined by mortgage company/servicer** |
| **PHFA (2nd Mortgage)** | 1916 E. Pacific Street, Philadelphia, PA | **Monthly loan payment as determined by mortgage company/servicer** |
| **Philadelphia Gas Works** | 1916 E. Pacific Street, Philadelphia, PA | **Post-petition Service by Account Billing** |

**C.    Arrears**

| Name of Creditor | Description of Collateral | Amount of Claim |
|---|---|---|
| **PHFA (1st Mortgage)** | 1916 E. Pacific Street, Philadelphia, PA | **$6,520.54** |

**D.    Secured Claims Paid According to Modified Terms**

These amounts will be paid in the plan according to modified terms, and liens retained until entry of discharge. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as 'No Value" in the "Modified Principal Balance" column below will be treated as an unsecured claim. **A motion and/or an adversary proceeding, as appropriate shall be filed under section 506(a) to determine the extent, validity and priority of the lien or interest.**

| Name of Creditor | Description of Collateral | Amount of Claim |
|---|---|---|
| **N/A** | | |

**E.    Other Secured Claims**

| Name of Creditor | Description of Collateral | Amount of Claim |
|---|---|---|
| **N/A** | | |

**F.    Secured Claims Not Provided For in Plan**

No payments shall be made by the trustee to the holders of these claims, whether or not the claims are filed and allowed. The holders of these claims shall retain any liens which they may have, unaffected by this plan. The claims shall not be discharged by the entry of a discharge order. The claims shall be addressed by the debtor outside the plan. These claims are expressly "not provided for" by this plan within the meaning of 11 U.S.C. §§ 1325(a)(5) and 1328.

| Name of Creditor | Principal Balance of Claim | Description of Collateral |
|---|---|---|
| **City of Philadelphia (Claim No. 2 for water repair** | $1850.59 | 1916 E. Pacific Street, Philadelphia, PA |
| **City of Philadelphia (Claim No. 4 for water/sewer** | $1755.53 | 1916 E. Pacific Street, Philadelphia, PA |

**G.    Surrender of Collateral**

| Name of Creditor | Description of Collateral Surrendered |
|---|---|
| **N/A** | |

**H.    Lien Avoidance**

The debtor will move to avoid the liens of the following creditors pursuant to Section 522(f):

| Name of Creditor | Description of Collateral |
|---|---|
| **N/A** | |

**3.    PRIORITY CLAIMS**

**A.**    Allowed unsecured claims entitled to priority under section 507 will be paid in full with the exception of certain assigned Domestic Support Obligations that may be paid less than 100% pursuant to section 1322(a)(4):

| Name of Creditor | Total Payment |
|---|---|
| **N/A** | |

**B.**    Administrative Claims:

1. Trustee Fees: Percentage fees payable to the trustee will be paid at the rate fixed by the United States Trustee, not to exceed 10%.

    2. Attorney Fees: No retainer has been paid, and no fee will be paid from the Debtor under the plan.

## 4. UNSECURED CLAIMS

**A**. **Claims of Unsecured Non-priority Creditors Specially Classified**: Includes unsecured claims, such as co-signed unsecured debts, that will be paid in full even though all other unsecured claims may not be paid in full.

| Name of Creditor | Reasons for Special Classification | Amount of Claim |
|---|---|---|
| **N/A** | | |

**B.** **Claims of General Unsecured Creditors:** The debtor estimates that no money will be available for distribution to unsecured creditors. The debtor calculates that a minimum of no amount must be paid to unsecured creditors in order to comply with the liquidation test for confirmation and the debtor calculates that no minimum amount must be paid to unsecured, non-priority creditors in order to comply with the Means Test.

**C.** **Funding:** If any funds are or become available, the funds will be distributed pro-rata.

## 5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES

The following executory contracts and unexpired leases are assumed (and prepetition arrears to be cured in the plan) or rejected (so indicate):

| Name of Creditor | Monthly Payment | Arrears | Total Claim | Assume/Reject |
|---|---|---|---|---|
| **N/A** | | | | |

## 6. ORDER OF DISTRIBUTION

Payments from the plan will be made by the trustee in the following order:

Level 1: Adequate protection payments.
Level 2: Domestic Support Obligations.
Level 3: Priority claims, pro rata.
Level 4: Secured claims, pro rata.
Level 5: Specially classified unsecured claims.
Level 6: General unsecured claims, pro rata.

### 7. REVESTING OF PROPERTY

Property of the estate, with the exception of the debtor's residence, will vest in the debtor upon confirmation. The debtor's residence will vest in the debtor upon the closing of the case. Debtor will have the sole right to use and possess property of the estate during the course of the case. If this case is converted from a case under chapter 13 to a case under chapter 7, then such property as may revest in the debtor upon conversion to chapter 7 shall so revest.

### 8. ADDITIONAL PROVISIONS REGARDING SECURED CLAIMS

As to the secured mortgage claim of the first mortgage holder, confirmation of this plan shall constitute a finding that:

a) The amount of the allowed claim is sufficient to cure any default that existed as of the date of the petition;

b) The debtor is curing the default on the mortgage within a reasonable period of time; and

c) The amount needed to pay the arrears claim over the life of the plan does not exceed the total payment on the claim set forth above.

### 9. GENERAL PLAN PROVISIONS

**A.** Any proof of claim or amendment thereto filed by a creditor after confirmation will be untimely and disallowed. The provisions of this plan setting the amount of any creditor's allowed claim, secured, administrative, or unsecured, will govern over any conflicting amount indicated in proofs of claim filed by the creditor unless the amount indicated in the proof of claim is lower than the amount set in the plan.

**B.** No creditor shall enter or cause to be entered any adverse or derogatory information on a credit report or provide adverse or derogatory information to a credit reporting agency as long as the Debtor is performing in compliance with this plan.

**C.** Upon confirmation of this plan, no creditor may assess against the Debtor or Debtor's estate any claim for attorney fees and/or collection costs arising during the plan, except as authorized by contract and upon approval of the Court after notice to Debtor. Unless approved by the Court for payment under this Paragraph, Debtor shall have no liability for any such fees and costs arising during the plan, and there shall be no in rem liability against property held at any time by Debtor's estate. Any application for approval of fees or costs under this Paragraph shall meet the requirements of Fed. R. Bankr. P. 2016(a).

**D.** In the event that any creditor in any class refuses any disbursement from the standing trustee, the standing trustee shall be authorized to disburse those funds to other

creditors in the same class, or if all such similarly classified creditors have already been paid, to other creditors in the next level of priority, without seeking a modification of the plan.

Date: <u>October 16, 2017</u>          Signed: <u>/s/ Peter D. Schneider</u>
                                      Attorney for the Debtor
                                      Community Legal Services, Inc.
                                      1424 Chestnut Street
                                      Philadelphia, PA 19102
                                      Tel.: 215-981-3718
                                      Fax: 215-981-0436